440 JULY, 1897.

Starr Cash & Package Car Co. v. Starr. Vol. 69

————————

THE STARR CASH AND PACKAGE CAR COMPANY vs. JOSEPH STARR.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A suit to compel the conveyance of a patent, and for $5,000 damages for defendant's refusal to convey, is within the jurisdiction of the Superior Court; although it appears from the complaint that the patent was purchased by the defendant for $300.

Nor is the jurisdiction of the court affected by the plaintiff's oral waiver of his claim for damages, made after entry of defendant's default.

A complaint can be amended only in writing.

A withdrawal by a plaintiff of all claim for damages, and a waiver of such claim, have the same legal effect.

A long delayed motion to cite in a co-defendant is addressed to the discretion of the trial court.

A party has no legal right to retry his entire case merely because his opponent is permitted to introduce a formal written document in evidence, during the argument. If he is given an opportunity to meet such evidence he has no ground of appeal.

Upon a default in a suit for equitable relief, founded on contract, the defendant cannot challenge the capacity of the plaintiff, a foreign corporation, to make the contract declared on.

A default in an action for equitable relief simply entitles the plaintiff to such relief as may be properly awarded him upon his claims, so far as he is able to make out, by satisfactory proof, the case he has alleged.

A defaulted defendant has no absolute right to be heard as to the form of judgment, without leave of court; although such leave is ordinarily granted on motion, as matter of course, and without any formal order.

[Argued May 26th—decided July 13th, 1897.]

SUIT to compel the defendant to transfer a certain patent to the plaintiff, for an injunction and for $5,000 damages,

brought to the Superior Court in New London County where a judgment by default was entered against the defendant; afterwards the plaintiff waived its claim for damages and the parties having been fully heard by the court, *Shumway, J.*, judgment was rendered for the plaintiff, and the defendant appealed for alleged errors in the rulings of the court. *No error.*

The complaint alleged that the defendant, being the business manager of the plaintiff company, it was agreed between them that he should endeavor to buy for its benefit and with its funds, a certain patent held by one Spring, and procure an assignment of it to himself, to be held subject to its order, and to be transferred to it, on demand; that he succeeded in buying it for $300, paying that sum from funds furnished by the plaintiff; that he afterwards refused to transfer it to the plaintiff on demand, and was now threatening and attempting to use and sell the patent for his own benefit; and that the plaintiff was seriously embarrassed and damaged thereby.

The defendant made default of appearance, and judgment was entered against him by default at the first term. Three months later a motion by the defendant to open the default was made and denied. Nine months afterwards an entry was made upon the docket that the plaintiff orally withdrew all claim for damages. The defendant then appeared and moved to erase the cause from the docket, on these grounds : a judgment had been rendered at a previous term, which had never been set aside, and the plaintiff had withdrawn all claims for damages; the only remaining claim was for equitable relief, and the matter in demand was less than $500; and no hearing in damages could now be had, and no facts found whereon the judgment rendered at a previous term could be supported. This motion was denied; the court first permitting an amendment of the docket entry above mentioned, at the plaintiff's request, by substituting "waived" for "withdrew." The plaintiff then presented a draft of a judgment file and asked that it be signed by the court, without any hearing. This was overruled (*Robinson, J.*) on the

objection of the defendant.   Three months later he filed a
motion that Spring might be cited in as a co-defendant;
alleging that he had bought from Spring under a written
agreement not to assign over the patent, except upon cer-
tain conditions therein expressed, and for the collection by
the defendant of certain damages for its infringement ; and
that the present directors of the plaintiff were the managers
of a rival concern, which was liable for such damages to a
large amount, and brought this suit for the benefit of said
concern, and not for that of the plaintiff, but to defeat the
rights of Spring and the defendant.   This motion was de-
nied, and the case was then heard, just as if a general denial
had been pleaded, the plaintiff being required to go forward,
and the defendant allowed to introduce evidence in his own
behalf.

The finding stated these facts : The plaintiff is a corpora-
tion organized in 1892, under the laws of West Virginia,
for the purpose of making and dealing in cash cars, etc., with
its principal place of business in Connecticut.   Its subscribed
capital was $500 (with the privilege of increasing the capi-
tal to $50,000), and $50 only was paid in.   It began busi-
ness in Connecticut, manufacturing under certain patents
issued to the defendant, who was its general manager, and
was soon threatened with suits for infringement of other
patents.   Counsel were consulted, and upon due examina-
tion, and at an expense of over $300 (paid by the plaintiff),
it was found that its use of the Starr patents did constitute
such an infringement, and that it was advisable to buy an-
other patent held by one Spring.   The allegations in the
complaint were true.   The defendant, after the purchase,
formed the purpose of defrauding the plaintiff, and claims
the patent purchased as his own.   His refusal to transfer it
broke up the plaintiff's business.

During the argument of the cause the plaintiff asked leave
to offer its charter in evidence, claiming that it supposed it
had been previously laid in ; and it was admitted against the
defendant's objection.   The defendant thereupon moved for
an adjournment in order to procure further evidence.   Being

asked by the court if it related to any question raised by the introduction of the charter, he said that he claimed the right to make a further defense on all the merits of the case, and that he was not ready to go on at that time. The court thereupon denied his motion; being of opinion that it was] made simply for purposes of delay, and that his rights would not be prejudiced by its disallowance.

*Hadlai A. Hull* and *Charles F. Thayer*, for the appellant (defendant).

After the plaintiff withdrew its claim for damages the court ceased to have any jurisdiction of the case. Gen. Stats., §§ 723, 774. The motion to erase should therefore have been allowed. *Banks* v. *Porter*, 39 Conn. 308; *Wildman* v. *Rider*, 23 id. 176; *Camp* v. *Stevens*, 45 id. 95; *State* v. *Carroll*, 38 id. 455; *Olmstead's Appeal*, 43 id. 115. The amount of the matter in demand, in actions of this character, is the pecuniary value of the matter in controversy; in this case, the pecuniary value of the patent, $300. *Griswold* v. *Mather*, 5 Conn. 438; *Fowler* v. *Fowler*, 50 id. 258; *Blakeslee* v. *Murphy*, 44 id. 188. The court (if it had jurisdiction) should not have proceeded to a trial until George Hopkins Spring had been made a party defendant. Had he made defense, the facts found upon the plaintiff's evidence might not have been proved by all of the testimony in this case. The introduction of the plaintiff's charter gave a value to the plaintiff's former testimony, which it did not possess when the testimony closed the day before; and the court's ruling prevented the defendant from introducing his defense. This was error. *Collins* v. *Bennett*, 52 Conn. 1.

*Frank T. Brown* and *Tracy Waller*, for the appellee (plaintiff).

Judgment by default having been ordered in the case, the writ and complaint ceased to be the subject of amendment unless the default was opened. The jurisdiction of the court depends upon the demand contained in the writ and complaint. *Newtown* v. *Danbury*, 3 Conn. 553; *Skinner* v. *Bai-*

*ley,* 7 id. 496 ; *Grether* v. *Klock,* 39 id. 133 ; *Sullivan* v. *Vail,* 42 id. 90. It is not disputed that as originally drawn the writ and complaint gave the court jurisdiction, and nothing has ever been erased or stricken from them. No *amendment* has ever been filed, and no request to *amend* has ever been made or allowed. Has the oral statement of the plaintiff's counsel the effect of an amendment striking out the *ad damnum* clause? We submit not. If, however, the effect was to amend the complaint, still the court had the power to permit the word " withdraw " to be changed to " waive," by another amendment. *Grether* v. *Klock, supra.* The application to be made a co-defendant was not made by George Hopkins Spring, but by the defendant, more than two years after the case was entered on the docket of the court, and during the trial. The decision of the trial court was an exercise of its discretion and is not the subject of review. Moreover, the finding shows that Spring had no interest in the controversy and no rights which the judgment would affect. The court did not err in permitting the introduction of the plaintiff's charter in evidence, after the testimony in the case was closed. There was a question whether the charter had not been put in evidence during the reception of the testimony, and the court disposed of the matter by exercising its undoubted right to allow it to come in at that time. It was an exercise of discretion vested in the court and the finding shows that the defendant suffered no injury. The defendant could not controvert the plaintiff's right to bring the present suit as a corporation, without pleading a specific denial of the right. Practice Act, § 3. *Phœnix Bank* v. *Curtis,* 14 Conn. 436, ceased to be an authority almost as soon as decided. Rules of Court, 14 Conn. 140. And the Practice Act should not be construed to require any more of the plaintiff, or less of the defendant, than do those rules. The facts alleged must after the default be taken to be true. Are they sufficient to entitle the plaintiff to a judgment for the transfer of the legal title to the patent? If they are, should not such judgment be entered up?

BALDWIN, J.    This case was brought within the jurisdiction of the Superior Court by the claim for $5,000 damages, with which the complaint concluded.    The previous allegation that the patent in controversy had been bought by the defendant at the price of $300, did not necessarily import that it was worth no more.    Its value to the plaintiff, for aught that appears on the face of the complaint, or the loss sustained by the refusal to assign it, on request, may have been the full amount of the damages demanded.

The oral waiver of all claims for damages, made after the entry of the default, did not affect the question of jurisdiction.    The complaint remained as it was before.    It was not and could not have been amended by the waiver.    Amendments of pleadings can only be made in writing.

The docket entry of this waiver originally read that all claims for damages were withdrawn.    The court had power to allow its amendment so as to describe the plaintiff's act as a waiver instead of a withdrawal.    Whichever word was used, however, the legal effect would be the same; namely, that although an assessment of damages was still claimed in form upon the face of the record, it was, in fact, no longer desired.

The defendant came too late with his motion that Spring be cited in as a co-defendant.    It was not filed until two years after the entry of his original default, and upon the eve of the trial, for which he had been contending.    For this cause, its denial was fully within the discretion of the Superior Court.

The admission of the charter in evidence after the opening arguments, followed by a refusal to grant an adjournment in order to enable the defendant to present new testimony, constituted no ground of appeal.    Opportunity to offer any evidence bearing on that thus introduced by the plaintiff was not denied, and the court was under no obligation to go further.

The defendant contends that as the complaint described the plaintiff as a foreign corporation and did not allege that it had power to make the contract with him upon which the suit was predicated, it could make out no case, without the

production of its charter; and so, having not produced it at the time when the arguments commenced, he had not before been put in a position which made it incumbent on him to produce any testimony in defense.

Had the parties gone to trial on the general issue, this point would have been untenable. Rules of Practice, XXI, § 3, 58 Conn. p. 588. The judgment by default deprived the defend-ant of any right to plead. As the Superior Court properly held, however, it did not, without more, entitle the plaintiff to the equitable relief which it claimed in its complaint. It was entitled to such relief only as might properly be awarded upon these claims, so far as it was able to make out, by satisfactory proof, the case which it had set up.

A default in an action for legal relief admits the material facts declared on as constituting a cause of action, and that, if these do constitute a cause of action, the plaintiff has a right to recover at least nominal damages. A default in an action for legal and equitable relief, followed by a waiver of all claims for damages, simply establishes the plaintiff's right to go forward and prove the matters he has alleged, unembarassed by any written pleadings on the part of the defendant, and with no other delays or formalities than such as may be deemed necessary to ensure that equity shall be done. It does not under our practice, and it did not under the original practice in English chancery, entitle him to treat the matter of his complaint as confessed. 2 Swift's Dig. *253; *Thomson* v. *Wooster*, 114 U. S. 104, 110.

After a default, whether in a legal or an equitable action, a defendant has no absolute right to be heard as to the terms of the judgment, without leave of the court; although ordinarily a motion for such leave is treated as granted as of course, without any formal order. In this case, the defendant was allowed to participate in the trial, and introduce evidence, as fully as if a general denial had been interposed. He could ask nothing more, and the rule that, upon an issue so formed, in a suit founded on a contract entered into with a foreign corporation, its capacity to make the contract is admitted, is fatal to his present contention. Proof of the

charter not being necessary to support the contract declared on, its introduction out of the regular order could give him no right to re-open his whole case.

There is no error.

In this opinion the other judges concurred.