## MRS. GEORGE PAIWICH *vs.* ROMAN KRIESWALIS.

Third Judicial District, Bridgeport, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A judgment by default for want of appearance puts an end to the defendant's right to plead or to make any motion except that allowed by statute (§ 5780) for due cause shown, viz: to reopen the judgment and reinstate the case; and therefore while such a judgment remains in full force, the trial court cannot properly grant a motion of the defendant to erase the cause from the docket.

If the defendant is really aggrieved by the judgment of default, the law affords him ample remedy (§ 5850) by way of new trial, aside from that afforded by a motion to reopen the judgment.

A motion to erase lies only when the defect relied upon appears upon the face of the record. If it arises from extrinsic facts—as in the present case—such facts must be alleged in a plea in abatement or to the jurisdiction.

A tenant against whom judgment has been rendered in an action of summary process is not obliged under the statute (§ 6128) to procure a writ of error within forty-eight hours thereafter. He must do so if he desires a stay of execution. If he fails to do so, the jurisdiction of the court to allow a writ of error after the statutory stay of execution has expired, is not affected, and such writ may issue at any time within the three years allowed by statute (§ 6161).

Argued November 3d—decided December 23d, 1921.

WRIT OF ERROR to reverse a judgment in summary process, brought to the Court of Common Pleas in New Haven County, where, after judgment by default for failure to appear had been rendered, the court, *Wolfe, J.*, granted a motion to erase the cause from the docket and rendered judgment accordingly, from which the plaintiff in error appealed. *Error and judgment set aside.*

*Charles S. Hamilton,* for the appellant (plaintiff in error).

*John F. McDonough,* with whom, on the brief, was *Clayton L. Klein,* for the appellee (defendant in error).

Paiwich *v.* Krieswalis.

BURPEE, J.   The record shows that the judgment in summary process, which this writ of error was intended to reverse, was rendered by a justice of the peace in New Haven County March 29th, 1920; that this writ was allowed and issued by the clerk of the Court of Common Pleas in that County May 12th, 1920; that it was served upon the defendant in person on the same day, and returned to the court on the first Tuesday of June, 1920, that is, on June 1st, 1920; that on June 15th, 1920, no appearance having been entered by the defendant, judgment by default was rendered against him; that on June 21st, 1920, the defendant filed his motion to erase this cause from the docket, and on June 22d, 1920, the plaintiff filed her motion to strike this motion of the defendant from the files; and that on June 30th, 1920, the court denied the plaintiff's motion, granted the defendant's motion, and adjudged that the case be erased from the docket. From this action of the court the plaintiff appeals.

As the pleadings presented the claims of the parties to the court below, the first matter to be considered and determined was the plaintiff's motion to strike the defendant's motion from the files.   The first of the reasons set up in support of this motion was stated as follows: "At the time an attempt was made to file said paper [defendant's motion to erase the case from the docket], judgment by default for want of appearance had already been entered in the case, and it was then too late to file any pleadings in said cause, and nothing remained but to fix the form of judgment and all pleadings were at an end."   We think this reason is sound and sufficient.

The Court of Common Pleas had jurisdiction of the cause of action by authority of General Statutes, § 5852, and over the defendant by reason of personal service.   Its jurisdiction was not challenged in any

pleading. The process served on the defendant gave him full notice of the character of the plaintiff's claims in the action. He was bound either to enter his appearance on or before the second day of the session of the court, or to submit to the consequences of his default. General Statutes, § 5622; *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 108, 34 Atl. 714. His default was an admission by him of the truth of the proposition of law and of the facts alleged in the complaint. On the record, the defendant conceded the plaintiff's right to bring and pursue this suit, the legality of the claims made by him, and his right to a judgment of the kind asked for. *New York, N. H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 78, 52 Atl. 487; *Lord* v. *Litchfield,* 36 Conn. 116, 131; *Cromwell* v. *County of Sac,* 94 U. S. 351, 356. That judgment deprived the defendant of any right to plead. *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 446, 37 Atl. 1057. It was conclusive upon the parties while it remained in force. *Hurlbut* v. *Thomas,* 55 Conn. 181, 10 Atl. 556; *Bradford* v. *Bradford,* 5 Conn. 127; 23 Cyc. 767, 1236. By its effect this cause was removed from the docket of causes open to further action by any pleading, and placed in the records of judgments. The judgment could be set aside and the cause reinstated on the docket only upon written motion showing reasonable cause, and that the defendant had been prevented by some reasonable cause from appearing to make a good defense which existed at the time of the rendition of the judgment by default. General Statutes, § 5780. Nothing else could be done in this action except to fix the terms of the judgment already entered and set them in permanent form in a judgment-file. The plaintiff in error became then absolutely entitled to a judgment reversing the judgment in the summary process. 23 Cyc. 767. If she further insisted on

her claim for damages, she would have an opportunity in a hearing to prove them to the satisfaction of the court. Even upon this subject the defendant had no right to be heard, without leave of the court. *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 446, 37 Atl. 1057.

In this appeal we are not concerned with other adequate remedies at law which were available to the defendant if he could claim and establish that he had had no opportunity to make a good defense which he had and had been prevented from making in this suit by accident, fraud or improper conduct of the plaintiff, while free from fault himself. If the defendant had really been aggrieved by the judgment against him, the law, even after his default, furnished him ample remedy if he had chosen to claim it in a lawful way. General Statutes, § 5850; *Dante* v. *Dante,* 93 Conn. 160, 105 Atl. 353.

Disregarding these sufficient means to obtain relief, and without alleging any of the circumstances and conditions which must be proved in any application to set aside a judgment, the defendant attempted, by means of a pleading in an action already closed by judgment, to attack the validity of the proceedings and to ask that the cause, including the judgment, be erased from the docket. This motion was filed too late, and should have been struck from the files.

It may be added that if this motion had been filed at a proper time, it would have been fatally vulnerable, because it contains affirmative allegations requiring proof. These are out of place in a motion to erase, which must be determined solely by facts which appear in the record. *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940. For this reason, the motion, whenever filed, should have been struck from the files.

But declining to do this, the trial court considered and granted the motion, and on June 30th, 1920, caused the clerk to enter a judgment reciting: "This

action by writ of error claiming the reversal of a judgment . . . came to this court on the first Tuesday of June, 1920, when the parties appeared and the defendant filed a motion to erase the case from the docket, which the court granted on June 30, 1920. Whereupon it is adjudged that said case be erased from the docket." This recital does not conform to the facts of record in the files of the case. One of the parties, the defendant, did not appear on the first Tuesday of June, 1920. The conclusive former judgment for default of appearance, rendered on June 15th, 1920, is not mentioned, nor is it stated how it had been disposed of, or by what process the plaintiff had lost her rights under it. The effect of this later judgment, as it appears in the records of the court, would be to summarily deprive the plaintiff, without due course of law, of rights which she had obtained by due course of law. We have already said that a motion to erase a cause from the docket after judgment has been entered is a proceeding unknown to the law and practice in this State.

The error in considering this motion seems the more harmful to the plaintiff, because the decision upon it was based upon conclusions drawn from the exterior facts alleged and proved notwithstanding the plaintiff's objections. The court below seems to have treated the motion to erase as if it were a plea to its jurisdiction. Manifestly it is not such in form, and if it were intended to serve that purpose, it was offered too late. Jurisdiction of a court cannot be questioned in a pleading which requires inquiry and proof of facts not apparent on the record, unless the pleading be filed after a special appearance has been entered for the purpose of raising that objection. *Williams Co.* v. *Mairs*, 72 Conn. 430, 435, 44 Atl. 729; *Bishop* v. *Vose*, 27 Conn. 1, 7. It is true that when the fact

that it has no jurisdiction of the subject-matter or of the parties is brought to the attention of the court, it is its duty to dismiss the case. *Wheeler* v. *New York, N. H. & H. R. Co.*, 71 Conn. 270, 282, 41 Atl. 808. But the party who undertakes to bring such a fact to the attention of the court must proceed in an orderly way and at a proper time. After judgment has been entered, he must make a motion to open the default and set the judgment aside under General Statutes, § 5780, or must follow a process distinct from the cause over which the jurisdiction is to be challenged, as provided in General Statutes, § 5850. Or the general equity powers of the court may be invoked, but in a new action. *Dante* v. *Dante*, 93 Conn. 160, 105 Atl. 353.

In the record it appears that the plaintiff did not secure her writ of error within forty-eight hours after judgment in the summary process had been entered. For this reason, the court below assumes in its memorandum of decision that the writ of error was issued "without authority and without jurisdiction of this court, and therefore this court had no power to enter up a default in said action." In this conclusion we think the court erred. *Casner* v. *Resnik*, 95 Conn. 281, 111 Atl. 68. If there were any defect or irregularity in the process of bringing the writ of error to the proper court, objection should have been made in the proper way and at the proper time. *Orcutt's Appeal*, 61 Conn. 378, 386, 24 Atl. 276; *Bennett's Appeal*, 79 Conn. 578, 580, 65 Atl. 946. The Court of Common Pleas had power to render the judgment by default for failure to appear, and that judgment could not be attacked in a motion to erase. 23 Cyc. 767.

There is error, and the judgment, that the cause be erased from the docket, is set aside.

In this opinion the other judges concurred.