DANIEL ANTINOZZI *vs.* A. VINCENT PEPE COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 23d, 1933.

*Samuel Campner,* for the appellants (defendants).

*Walter W. Walsh,* with whom, on the brief, was *John J. Sullivan, Jr.,* for the appellee (plaintiff).

BANKS, J. The defendant Pepe is the president of the A. Vincent Pepe Company, the other defendant, and on the day in question came to the place of business of the plaintiff for the purpose of collecting a bill of the Pepe Company. Pepe demanded payment of the bill which the plaintiff refused to make. An altercation followed, in the course of which the plaintiff's left ankle was broken. The complaint alleged that Pepe threw the plaintiff to the ground with such violence that his ankle was broken, while upon the trial the plaintiff testified that his ankle was broken by kicks from Pepe as the two men were on the ground.

One of the defendants' contentions, first made in this court, is that there was a material variance between the allegation and the proof as to the manner in which the plaintiff received the injury to his ankle. Even if it be granted that the variance between allegation and proof was a material one, defendants cannot take advantage in this court of a claim to that effect which was not made in the court below. *Chinigo* v. *Ehrenberg,* 112 Conn. 381, 383, 152 Atl. 305.

The claim of the defendants chiefly stressed upon the argument was that the assault upon the plaintiff was not an act done in the execution of the business of the Pepe Company, and was not within the scope of the employment of the defendant Pepe. Defendants complain of the refusal of the court to comply with a number of their requests to charge in that connection, and also with its denial of their motion to set aside the verdict on the ground that the evidence of agency was not sufficient to justify a recovery against the corporation. The rule in this jurisdiction is in accord with that now generally accepted elsewhere, to the effect that the master is responsible for the wilful torts as well as the negligent acts of his servant, done within the scope of his employment and with a view to the furtherance of the master's business. *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 129 Atl. 778. The court charged the jury in the language of this court in *Stone* v. *Hills,* 45 Conn. 44, 47, that "for acts in any sense warranted by express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act was done, the master is responsible." The court properly refused to charge that the assault was not within the scope of Pepe's employment, and had no natural or necessary relation to the authority conferred upon him, since, upon the plaintiff's offer

of proof that the assault was committed while Pepe was attempting to collect a bill for the corporation, that was a question of fact for the jury. The requests that the court charge that the jury must be satisfied that the authority to collect the bill contemplated the use of physical force, and that the assault was a recognized and usual means resorted to for the collection of a debt, were properly refused. In so far as the other requests to charge upon this subject embodied correct statements of the law they were sufficiently complied with in the charge as given, which submitted the question of agency to the jury in an exceptionally clear and lucid manner.

It was undisputed that the purpose of Pepe's visit to the premises of the plaintiff was to collect a bill which the latter owed to the Pepe Company. It was the contention of the plaintiff that the argument between the two men and the fight which ensued took place while Pepe was attempting to collect this bill, and therefore while he was engaged in the business of the company and within the scope of his employment. The defendants, on the contrary, claimed that after the plaintiff had refused to pay the bill Pepe started to leave, having finished the errand upon which he came, that the plaintiff called him back, and that the fight which ensued arose when he was no longer engaged upon the business of the company. The testimony was conflicting, and there was evidence from which the jury could reasonably have concluded that the fight started while Pepe was attempting to collect the bill owed the company, and therefore while he was acting in furtherance of its business within the scope of his employment. There was also evidence supporting the conclusion that Pepe was the aggressor in the fight, that his attack upon the plaintiff was the proximate cause of the latter's injuries, and that as a proximate result

of his injuries the plaintiff had suffered the special damages awarded him. The court did not err in denying the motion to set the verdict aside.

The reference in the charge to the counterclaim of the defendant Pepe was well within the limits of fair comment upon the situation presented by the filing of the counterclaim and the arguments of counsel with reference to it.

The other claimed errors in the charge and in the failure to charge as requested do not require discussion.

There is no error.

In this opinion the other judges concurred.