MORTON RAPPAPORT *v.* ROSEN FILM DELIVERY SYSTEM, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided February 7, 1941.

*Max H. Schwartz,* with whom, on the brief, was *Alexander Winnick,* for the appellant (plaintiff).

*John J. Sullivan, Jr.,* for the appellee (named defendant).

AVERY, J.  The plaintiff brought this action against the Rosen Film Delivery System, Inc., a corporation which operated a delivery truck in its business, and against John Nutile, the driver, claiming damages for an assault committed by the driver.  The case was tried to the jury, and at the close of the plaintiff's evidence the court directed a nonsuit as against both defendants.  Subsequently, on motion, the court set aside the nonsuit as to Nutile, the driver, but refused to set it aside as to the named defendant, and the plaintiff has appealed.  The only question involved is whether the trial court was in error in refusing to set aside the nonsuit as to the named defendant.  There was evidence before the jury to the following effect:  On October 21, 1938, the plaintiff conducted a parking lot on College Street, between Chapel and George Streets, in New Haven, which was located next to a building where employees of the named defendant were accustomed to make deliveries by truck.  At about 6.30 p. m. on that day, the defendant John Nutile parked a delivery truck he was operating for the named defendant parallel to the curb line in front of the driveway leading into the plaintiff's lot in such manner as to obstruct the driveway for approximately ten feet and create difficulty for customers seeking to enter or leave the parking space.  At that time, Nutile was making delivery of films for the named defendant and was operating the truck for that purpose.  The plaintiff, as well as two of his employees, requested Nutile to park the truck out of the driveway entrance so that

automobiles could get in and out of the lot. At first, Nutile refused to do so but left the truck and went into a neighboring building, apparently to make a delivery. Upon his return, the plaintiff having threatened to call a police officer, Nutile backed the truck away from the driveway. The plaintiff thereupon walked up to the cab of the truck to discuss with the driver some method by which the truck could be parked on future occasions without obstructing the driveway and stepped upon the running board, whereupon Nutile assaulted the plaintiff with the starting crank and the plaintiff came in contact with the door of the vehicle and was injured.

The trial court placed its refusal to set aside the nonsuit upon the ground that even if it were admitted that Nutile assaulted the plaintiff in so doing he was not in the execution of his employer's business and within the scope of his employment. In determining whether or not the driver was acting within the scope of his employment, "the test is to be found in the nature of the tortious act and its relation or non-relation to that which the actor was employed to do." *Turner* v. *American District Telegraph & Messenger Co.*, 94 Conn. 707, 713, 110 Atl. 540. This principle applies whether the tort was wilful or negligent. *Son* v. *Hartford Ice Cream Co.*, 102 Conn. 696, 700, 129 Atl. 778; *Antinozzi* v. *Pepe Co.*, 117 Conn. 11, 13, 166 Atl. 392. While occasional cases may arise in which the servant is so clearly without or within the scope of his employment that the question is one of law, in the great majority of cases the decision of this question is one of fact for the trier. *Ritchie* v. *Waller*, 63 Conn. 155, 161, 28 Atl. 29; *Son* v. *Hartford Ice Cream Co.*, supra; *Antinozzi* v. *Pepe Co.*, supra. A motion for a nonsuit cannot be permitted to operate as a motion to set aside a verdict as against evidence. *Cook* v.

*Morris,* 66 Conn. 196, 208, 33 Atl. 994. As pointed out in that case, page 210, there is a very limited field for the operation of a motion for a nonsuit. In no case should it be granted where the facts claimed to have been proved depend to any extent upon the credit to be given witnesses or upon inferences of fact to be drawn from the testimony as to which inferences the parties may reasonably differ.

In the case at bar, it was not in controversy that Nutile was operating the truck in the defendant's business at the time of the alleged assault. In making arrangements for parking the truck when in the future the driver had occasion to make deliveries at this point and in getting the plaintiff off the running board so that he could proceed upon his way, the jury might conclude that Nutile was acting within the scope of his employment and serving the business of his employer. The plaintiff was entitled to have the jury determine whether the act of Nutile in stopping the vehicle in front of the driveway in such manner as to interfere with the ingress and egress of customers into the plaintiff's parking lot precipitated a series of acts constituting one continous transaction and the assault occurred in the course of the driver's attempt to perform the business of his employer.

There is error and the cause is remanded to the Superior Court with direction to set aside the judgment of nonsuit and for further proceedings in accordance with law.

In this opinion the other judges concurred.