JOEL PELLETIER ET AL. v. WILLIAM BILBILES ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 9, 1966—decided February 28, 1967

*Neil F. Murphy,* for the appellants (plaintiffs).

*Stephen M. Riley,* for the appellee (defendant Arthur Bilbiles).

THIM, J. Joel Pelletier, hereinafter referred to as the plaintiff, and his mother brought this action against Arthur Bilbiles, hereinafter referred to as the defendant, and his son, William Bilbiles, hereinafter referred to as William, to recover damages for personal injuries allegedly sustained by the plaintiff as a result of a beating administered to him by William, who was at the time of the incident in the employ of the defendant. The jury returned a verdict in favor of the plaintiff and his mother against the defendant and William. On motion

by the defendant, a judgment notwithstanding the verdict was rendered in his behalf. From this judgment the plaintiff and his mother have appealed.

In reviewing the court's action in rendering a judgment notwithstanding the verdict, we consider the evidence in the light most favorable to the plaintiffs. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Hemmings* v. *Weinstein,* 151 Conn. 502, 504, 199 A.2d 687; *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. If we so regard the evidence, the jury could have reasonably found the following facts: On April 20, 1958, the defendant was the proprietor of the Spa Confectionary in Bristol. His son, William, aged nineteen, worked part time for his father at the Spa. William had been instructed by the defendant neither to permit horseplay on the premises nor to allow anything to be thrown around inside the store. On the above date, the plaintiff, aged sixteen, entered the Spa and ordered a soda from William, who was working behind the counter at the time. The plaintiff was given a straw with the soda. The plaintiff blew the paper sheath off the straw onto the floor. William noticed this action, and he asked the plaintiff to leave the store with him. While they were still inside the store, words were exchanged between the plaintiff and William, and William's temper began to flare. The plaintiff had only recently come to the United States, and he was not too fluent in English. He thought William was only joking with him and did not realize William was angry. William escorted the plaintiff outside of the store, and, at a point about fifty feet from the threshold of the Spa, he commenced to batter the plaintiff

severely. The defendant, who was also working in the store at the time, noticed William walking out of the store with the plaintiff but said nothing to him. At the time of the incident, William was approximately six inches taller and fifty pounds heavier than the plaintiff.

William's liability for the battery is not questioned on the appeal. The only issue raised is whether there was evidence from which the jury could reasonably conclude that the defendant, as William's employer, was also liable for the battery.

A master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business. *Rappaport* v. *Rosen Film Delivery System, Inc.*, 127 Conn. 524, 526, 18 A.2d 362; *Antinozzi* v. *A. Vincent Pepe Co.*, 117 Conn. 11, 13, 166 A. 392; *Son* v. *Hartford Ice Cream Co.*, 102 Conn. 696, 699, 129 A. 778.

The trial court felt that, because nothing of a physical nature occurred until after William and the plaintiff were outside the store and because the plaintiff made no attempt to forcibly reenter the store, there was no evidential basis from which a jury could reasonably conclude that the battery was inflicted within the scope of William's employment and in the furtherance of the defendant's business.

Ordinarily, it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business. See, e.g., *Rappaport* v. *Rosen Film Delivery System, Inc.*, supra. But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law. *Bradlow* v. *American District Telegraph Co.*, 131 Conn. 192,

195, 196, 38 A.2d 679; *Turner* v. *American District Telegraph & Messenger Co.,* 94 Conn. 707, 715, 110 A. 540.

In the instant case, the trial court erred in regarding the question of the defendant's liability as one of law rather than as one of fact. A directed verdict in favor of the defendant would have been improper. The court erred, therefore, in setting aside the verdict and in rendering judgment notwithstanding the verdict. See *Donch* v. *Kardos,* 149 Conn. 196, 200, 177 A.2d 801. William had been instructed by the defendant to see to it that patrons did not misbehave inside the store. On a previous occasion, because of the plaintiff's actions, the defendant had temporarily denied him the privilege of entering the store. The beating of an unruly customer, if the plaintiff can be so characterized, is an extremely forceful, although misguided, method of discouraging patrons of the Spa, including the plaintiff, from causing disturbances on the premises in the future. The fact that the specific method a servant employs to accomplish his master's orders is not authorized does not relieve the master from liability. *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 700, 701, 129 A. 778. Also, the fact that the battery by William may have been motivated by personal animosity as well as by an overzealous regard for his duties as an employee does not exonerate the defendant. Restatement (Second), 1 Agency § 236, Illust. 1. A master does not escape liability merely because his servant loses his temper while he is conducting the master's business. *Son* v. *Hartford Ice Cream Co.,* supra, 699.

In the present case, the jury could reasonably have concluded, on the basis of the evidence, that William's loss of temper and the subsequent battery

were the immediate and proximate results of William's attempts to carry out the defendant's instruction not to permit mischief on the premises. As such, the battery was merely the culmination of a transaction related directly to William's duties, and the defendant could properly be found liable. *Rappaport* v. *Rosen Film Delivery System, Inc.*, 127 Conn. 524, 527, 18 A.2d 365; see also 57 C.J.S. 342, Master and Servant, § 575.

There is error, the judgment as to the defendant Arthur Bilbiles only is set aside and the case is remanded with direction to render judgment for the plaintiffs on the verdict against that defendant also.

In this opinion the other judges concurred.