AUTRY ASHLEY *v.* RITTER FINANCE COMPANY, INC., ET AL.

COURT OF COMMON PLEAS　　NEW HAVEN COUNTY　　FILE NO. 85822

Memorandum filed May 17, 1972

*William B. Ramsey,* of New Haven, for the plaintiff.

*Pouzzner & Hadden,* of New Haven, for the defendants.

HANRAHAN, J. This is an action for trespass vi et armis or assault and battery allegedly committed by the defendants during efforts to collect a delinquent loan. The defendants' answer admitted the allegations of the complaint that "[a]t all times mentioned herein, the defendant, Raymond Fowler, was an employee, agent and/or servant of the Defendant, Ritter Finance Company, Inc. and was acting within the course and scope of his employment."

The facts established are that the plaintiff, a five-foot-one-inch-tall, ninety-pound housewife, and her husband were delinquent in their payments on a loan made with the defendant Ritter Finance Company, Inc. The finance company sent the defendant Fowler, an assistant manager who was six feet two inches tall and weighed 185 pounds and whose duties included the collection of delinquent accounts under the company policy of getting "action by what ever means deemed appropriate," to the plaintiff's home in New Haven. He arrived there about 11:30 a.m. on July 29, 1970, and knocked at her rear door. When she opened it, he began to berate her about the delinquent loan, using obscene terms in describing her race and sexual activities. In an effort to persuade her to take his business card, he either pushed her backwards or forced her backwards, causing her to fall against a kitchen table and onto the floor. She struck her lower back against the table and broke the lens of her eyeglasses. Her minor children age five and one were present.

As a result of the defendant Fowler's actions, the plaintiff injured her lower back, became nervous, suffered from loss of appetite, and had back pain. She was unable to work for one week, losing her pay of $65. Her injuries required medical attention until October 5, 1970, and the expense of her medical treatment amounted to $128. Replacement of her glasses cost $35.

The court concludes: The defendant Fowler committed a trespass vi et armis against the plaintiff even though his actions may not have been intentional but merely the direct result of force exerted by him negligently. *Lentine* v. *McAvoy,* 105 Conn. 528, 530; *Welch* v. *Durand,* 36 Conn. 182, 186. The defendant finance company is responsible for the acts of the defendant Fowler under the rule set forth in *Pelletier* v. *Bilbiles,* 154 Conn. 544, 547, and *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 699. Considering the time, place and circumstances of the defendant Fowler's wanton assault and the consequential injuries to the plaintiff therefrom, fair and reasonable compensation amounts to $3000.

Whereupon judgment may enter in favor of the plaintiff to recover of the defendants the sum of $3000.