[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this case the defendant has moved to strike the entire revised complaint on the grounds that it is legally insufficient. The defendant's daughters invited the plaintiff to a party at the defendant's home. The critical allegations of the complaint are paragraphs 5 through 10 of the revised complaint.
The defendants first argues that to prevail on a negligence claim a plaintiff must establish that the defendant's conduct legally caused certain injuries. There must be causation in fact but also a legal or policy requirement conveniently named "proximate cause". That is, in order not to overly burden the activities of people in day to day life the plaintiff must show that the defendant's conduct was a cause that was a substantialfactor in the harm or injury caused to the plaintiff.
The defendant quotes language from Boehm v. Kish,201 Conn. 385, 391-392 (1986) that defines what the courts do in deciding questions of proximate cause. CT Page 7223
"In determining proximate cause, the point beyond which the law declines to face a series of events that exist along a chain signifying actual causation is a matter of fair judgment and a rough sense of justice."
The defendant cites two cases as controlling, Doe v.Manheimer, 212 Conn. 748 (1989) and Cardona v. Valentin,160 Conn. 18 (1970). In Manheimer a rape victim claimed the cause of the rape had been the defendant's failure to remove overgrown vegetation from the property on which the rape occurred. This shielded the crime. The court upheld the trial court's setting aside the verdict — thus treating the issue as a question of law — and said the overgrown bushes didn't cause the injury but the rape caused the damages. The defendant in its brief cites this case for the broad proposition "that liability is precluded where there is an intervening, intentional or criminal act by a third party".
In Cardona a man was stabbed as a result of a melee occurring in the defendant's pool hall. The Supreme Court upheld the trial court's conclusion that the person who started the fight was the proximate cause of the injuries and not the owner even assuming the latter was negligent in not hiring more employees for added security or in not having a phone or alarm system.
The defendant argues that these cases are controlling because the alleged acts of negligence set forth in paragraph 10 of the revised complaint make clear that the plaintiff's injuries were proximately caused not by the defendant but by the riotous behavior and criminal actions of others whom the plaintiff chose not to sue.
It is true that a question of proximate cause can be an issue of law which should be decided by the court; Doev. Manheimer makes that clear. But that case and Cardonav. Valentin were, it must be remembered, decided by trial courts after a full trial.
The defendant in its discussion ignores the allegations of paragraph 5 of the revised complaint which alleges the party included "numerous" individuals who CT Page 7224 disliked each other and had a history of violence "which was known or should have been known to the defendant and the defendant's daughters". In a motion to strike the court must construe the pleadings of the non-moving party in the most favorable way.
At page 761 et seq of Doe v. Manheimer supra the court discusses the so-called "dependent intervening force" doctrine. That is even tortious or criminal behavior by a third party can be "a predictable response or `reaction to the stimulus of a situation for which the actor has made himself (sic) responsible by his (sic) negligent conduct' 2 Restatement (Second) Torts § 441, comment c" 212 Conn. at page 748. Although it refused to apply it to the facts of the case before it, the Manheimer court clearly recognized liability for a negligent actor even if any injury was inflicted by a third party criminal activity if under § 442 B of the Restatement such activity was "reasonably foreseeable intervening misconduct" id at page 761. The Manheimer court went out of its way to discuss the fact that the landowner had not had any past experience which might have led him to perceive the brush would have provided cover for a violent crime. Also, prior criminal activity on the land had been non-violent and there was no evidence that people who frequented the lot threatened or assaulted anyone. Given the allegations of this complaint — the previously mentioned assertions in paragraph 5 of the complaint, that up to 150 youths had been invited to a party, that guests had been confined to an unlit basement area with limited access and egress and no handrails on the stairway leading to the basement — the court cannot rule as a matter of law that proximate cause cannot be found in this case.
The foregoing discussion has been preceding on the assumption that the defendant was negligent, cf Cardona v.Valentin supra. In the final section of its brief the defendant argues that the defendant owed no duty to the plaintiff. Section 52-577a of the general statutes is cited as to the standard of care owed to a "social invitee" Premises must be maintained in a reasonably safe condition for the reasonably anticipated uses the invitee would make of them. The defendant cites Ford v. Hotel Restaurant Employees v. Bartenders Union, 155 Conn. 24
(1967) for the proposition that an invitee enters the CT Page 7225 "land" with the implied representation that it has been prepared and made ready and safe for an invitee's entrance and use of the "land" It is not "necessary" to warn an invitee against dangers either known to him or her or so obvious as to be expected to be discovered, Kraus v.Newton, 14 Conn. App. 561 (1988).
But the specific allegations of negligence in the count 10 must again be read in the context of the preceding factual allegations especially count 5. The court cannot say as a matter of law that if a person invites people known to be violent who dislike each other to a social gathering and confines them to a small basement area, such an individual should be absolved from liability if an innocent invitee is hurt when a not to be unexpected fight breaks out. The pleading alleges the defendant and her daughters knew of the violent propensities of the guests and the court must assume the truth of this for the purposes of the motion to strike. As further facts are developed a motion for summary judgment might be in order but the motion to strike on the negligence issue is premature.