[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has moved to strike a special defense filed by the defendant Combined Insurance Company of America. In this case the plaintiff alleges that she sustained injuries when the vehicle in which she was a passenger left the traveled portion of the highway and struck a tree. The vehicle was owned by the plaintiff herself, and it was being operated by the defendant, Joseph Procopio. The Complaint alleges that the vehicle was being operated by Procopio in the course of his employment with the defendant, Combined Insurance Company of America.
Combined Insurance Company of America has alleged in its special defense:
 The defendant Procopio was acting as the agent, servant or employee of the plaintiff at the time and place alleged. Accordingly, if he was negligent, as the plaintiff claims, such negligence is imputed to the plaintiff and her claims herein are barred.
 The plaintiff was the owner of the vehicle being operated by the defendant Joseph Procopio at the time and place alleged. Accordingly, if he was negligent as plaintiff claims, such negligence is imputed to the plaintiff under C.G.S. § 52-183.
 The plaintiff retained control over the operation of the vehicle by the defendant Joseph Procopio, and accordingly, Mr. Procopio's negligence is imputed to the plaintiff.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to CT Page 5261-QQQQ strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
The first paragraph of the special defense attempts to invoke the doctrine of respondeat superior. Under that doctrine an employer may be liable for the negligence of his servant or employee. Pelletier v Bilbiles, 154 Conn. 544, 547, 227 A.2d 251
(1967); Glucksman v. Walters, 38 Conn. App. 140, 144, ___ A.2d ___ (1995). Thus the negligence of the employee is imputed to the employer. However, "the underlying rationale of the modern doctrine of respondeat superior . . . is that `every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority.' Wolf v.Sulik, 93 Conn. 431, 436, 106 A. 443 [1919]; Durso v. A.D.Cozzolino, Inc., 128 Conn. 24, 27, 20 A.2d 392 [1941]." Gutierrezv. Thorne, 13 Conn. App. 493, 498, 537 A.2d 527 (1988). (Emphasis added).
The doctrine of respondeat superior only imputes the negligence of the employee to the employer when such negligence results in injury to a third person, not when such negligence injures the employer.
The second paragraph of the special defense claims that Procopio's negligence should be imputed to the plaintiff pursuant to Connecticut General Statutes § 52-183, which provides:
 Sec. 52-183. Presumption of agency in motor vehicle operation. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
Emphasis added.
Section 52-183 does not apply in this case because this CT Page 5261-RRRR action was not brought against the owner of the motor vehicle.
The final paragraph of the special defense alleges that Procopio's negligence should be imputed to bar the plaintiff's recovery because she retained control of the vehicle. In order for the owner's negligence to be imputed to another occupant of the vehicle, the owner must retain control over the operation of the vehicle. See e.g. Reetz v. Mansfield, 119 Conn. 563,178 A. 53 (1935); Nowak v. Nowak 30 Conn. Sup. 233 (1973).
In Reetz there was evidence at trial that the defendant-owner of the vehicle was sitting in the passenger seat and steering the vehicle at the time of the accident. Nowak involved a student driver. The complaint contains no facts to support the special defense's legal conclusion that the plaintiff controlled the operation of the vehicle at the time of the accident. The court is bound to consider factual allegations as being true for the purpose of a motion to strike, but is not so bound with respect to legal conclusions.
For the reasons set forth above, the Motion to Strike the special defense is granted.
By the court,
Aurigemma, J.