WILLIAM J. DAOUST, JR. *v.* CHRISTOPHER
MCWILLIAMS ET AL.
(AC 17265)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued March 3—officially released August 11, 1998

*Zbigniew S. Rozbicki*, for the appellant (plaintiff).

*William C. Berry*, for the appellees (defendants).

*Opinion*

SCHALLER, J. The plaintiff, William J. Daoust, Jr., appeals from the decision of the trial court rendering

summary judgment as to all claims raised in his complaint. On appeal, the plaintiff claims that the trial court improperly (1) determined that his tort claims of assault and battery, abuse of process, intentional spoliation of evidence, and invasion of privacy were barred by the statute of limitations and (2) applied the doctrines of res judicata and collateral estoppel to the plaintiff's claims of deprivation of his constitutional rights, intentional infliction of emotional distress, wanton injury to his dog, malicious prosecution and indemnification. We conclude that the plaintiff's tort claims are not barred by the statute of limitations, and that only those claims as to which there is an identity of issues with the claims raised in a federal court action on which summary judgment was rendered are barred by the doctrines of res judicata and collateral estoppel. Consequently, we affirm the decision of the trial court in part, reverse it in part, and remand the case for a trial on the remaining issues.

The following facts and procedural history are relevant to this appeal. The plaintiff commenced an action in the United States District Court for the District of Connecticut on July 9, 1993, against the defendants, Officers Christopher McWilliams, Christopher Carlone and Paul Mangini of the Middletown police department and the town of Middletown. This lawsuit arose from an incident that occurred on July 7, 1992, involving the shooting of the plaintiff's dog by the defendant McWilliams in his capacity as a Middletown police officer. In the federal court action, the plaintiff alleged that the defendants had violated rights secured to him under the first, fourth, fifth and fourteenth amendments to the United States constitution, 42 U.S.C. §§ 1983 and 1988, and the laws of the state of Connecticut.

The federal court, Covello, J., disposed of the action in two stages. On December 6, 1993, the court granted the defendants' motion to dismiss (1) the plaintiff's

claim against the defendant police officers in their official capacity under 42 U.S.C. § 1983, (2) the plaintiff's claim that he was deprived of the equal protection of the law and (3) the plaintiff's claim against the town for punitive damages under 42 U.S.C. § 1983. On August 5, 1995, the court granted the defendants' motion for summary judgment as to all of the plaintiff's remaining federal law claims and declined to exercise supplemental jurisdiction over the remaining state law claims.

On February 29, 1996, the plaintiff filed, in the Superior Court, the complaint that forms the basis for the present action. The complaint consisted of eight counts alleging (1) deprivation by the individual defendants of the plaintiff's rights guaranteed to him by the laws and constitution of the state of Connecticut, (2) assault and battery against McWilliams, (3) intentional infliction of emotional harm against the individual defendants, (4) wanton injury to the plaintiff's dog against McWilliams and Carlone, (5) malicious prosecution, vexatious suit, abuse of process and conspiracy against the individual defendants, (6) intentional spoliation of evidence against the individual defendants, (7) invasion of privacy against McWilliams and Carlone, and (8) negligence against the town of Middletown. On April 24, 1996, the defendants filed a motion for summary judgment as to all counts on the grounds that the action was barred by res judicata and the statute of limitations.

On March 7, 1997, the trial court granted the defendants' motion for summary judgment, concluding that the counts alleging assault and battery, abuse of process, intentional spoliation of evidence and invasion of privacy were barred by the statute of limitations, General Statutes § 52-577. The court further concluded that the doctrine of collateral estoppel precluded the plaintiff from relitigating his claims of deprivation of rights guaranteed by the laws and constitution of the state of Connecticut, intentional infliction of emotional distress,

wanton injury to his dog, malicious prosecution, vexatious suit, conspiracy and negligence.

Before turning to the merits of the plaintiff's appeal, we note the standard that governs our review of a trial court's granting of summary judgment. The standard of review of a trial court's decision to grant a motion for summary judgment is well established and is set forth in Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.[1] " 'In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' " *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 5, 698 A.2d 795 (1997); *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). " 'The test is whether a party would be entitled to a directed verdict on the same facts. *Connell* v. *Colwell*, 214 Conn. 242, [247], 571 A.2d 116 (1990).' " *Beebe* v. *East Haddam*, 48 Conn. App. 60, 64, 708 A.2d 231 (1998).

"A motion for summary judgment 'is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact.' *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985)." *Beebe* v. *East Haddam*, supra, 48 Conn. App. 64. As this appeal involves questions of the application of the statute of limitations, res judicata and collateral estoppel,[2] it presents questions of law, which this court reviews de

---

[1] Practice Book § 384, now Practice Book (1998 Rev.) § 17-49, provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

[2] In this case, the trial court analyzed the issue of preclusion only in terms of collateral estoppel. Collateral estoppel and res judicata, however, are closely related doctrines; see *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996); and either doctrine, if found to be applicable, would bar the plaintiff from litigating his claims at a later

novo. *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991); *Schratwieser* v. *Hartford Casualty Ins. Co.*, 44 Conn. App. 754, 757, 692 A.2d 1283, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997).

I

The plaintiff first contends that the trial court improperly determined that his claims of assault and battery, spoliation of evidence, invasion of privacy and abuse of process were barred by the applicable statute of limitations. We agree.

It is undisputed that the incident giving rise to the action took place on July 7, 1992. Consequently, the plaintiff was required to commence his suit on or before July 7, 1995, as set forth in General Statutes § 52-577,[3] unless another provision of the statute allowed him to do otherwise. The trial court concluded that the plaintiff's claims of assault and battery, spoliation of evidence, invasion of privacy and abuse of process were barred by the statute because the complaint was filed after July 7, 1995.

On appeal, the plaintiff argues that these claims are allowed by General Statutes § 52-592 (a) and (d),[4] notwithstanding that the complaint in this action was filed

hearing. See *Connecticut Natural Gas Corp.* v. *Miller*, 239 Conn. 313, 324 n.8, 684 A.2d 1173 (1996). Because the defendants sought summary judgment on the basis of res judicata and because of the conceptual closeness of the doctrines, we address certain of the preclusion issues raised in this appeal in terms of res judicata.

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

more than four years after the incident that gave rise to the action took place in violation of § 52-577.

In its memorandum of decision, the trial court concluded that "General Statutes § 52-592 (d) allows the plaintiff to pursue the state law claims that were dismissed without prejudice in federal court." The court concluded, however, that the "new tort claims of assault and battery, abuse of process, intentional spoliation of evidence and invasion of privacy . . . are barred by the statute of limitations." The trial court's decision thus indicates that it was based on the conclusion that the savings provisions of § 52-592 operate only to save the exact state law claims that were dismissed without prejudice in federal court, but do not permit the bringing of additional state law claims arising from the same set of facts. We disagree.

Section 52-592 uses the words "action" and "cause of action," and not "claim," to refer to what is allowed to be brought under its provisions. Section 52-592 (a) provides that "the plaintiff . . . may commence a new *action* . . . for the same *cause* . . . ." (Emphasis added.) Section 52-592 (d) provides that the above language "appl[ies] to . . . any *action* brought to the United States . . . district court for the district of Connecticut . . . ." (Emphasis added.) "It is well settled that [a] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the

---

"(d) The provisions of this section shall apply to . . . any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court . . . ."

defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . *Gallo* v. *G. Fox & Co.*, 148 Conn. 327, 330, 170 A.2d 724 (1961). Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Citations omitted; internal quotation marks omitted.) *Rogozinski* v. *American Food Service Equipment Corp.*, 34 Conn. App. 732, 738–39, 643 A.2d 300, cert. denied, 231 Conn. 910, 648 A.2d 156 (1994); see *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 365, 511 A.2d 333 (1986).

When we apply this interpretation to the facts of the present case, it is evident that both the initial suit filed in the federal court and the subsequent suit filed in the Superior Court constitute the same cause of action, although they may involve different claims for relief. Both state that the actions giving rise to the lawsuit took place on the same date and describe the same event. The trial court's memorandum of decision describes both the federal and state law claims as arising from the same incident, which occurred on July 7, 1992. Because the plaintiff's claims of assault and battery, spoliation of evidence, invasion of privacy and abuse of process are part of "a new action . . . for the same cause" brought "within one year after the determination of the original action," as required by § 52-592 (a), they are not barred by the three year statute of limitations.

Accordingly, we conclude that the trial court improperly granted summary judgment on the basis that these claims were barred by the statute of limitations and remand the case to the Superior Court for a trial on these claims.

## II

The plaintiff next claims that the trial court improperly granted the defendants' motion for summary judgment on the ground of collateral estoppel as to his

remaining claims that were not barred by the statute of limitations. The trial court determined that these claims were barred on the basis of collateral estoppel arising from the federal court's disposition of his federal claims. According to the plaintiff, these remaining claims sound in tort law, whereas the claims contained in his federal complaint were based on violations of the federal civil rights statutes. He contends that since the legal basis of the claims differs, the identity of issues required to create collateral estoppel is not present.

" 'The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.' " *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988); *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392, 401–402, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." *Gionfriddo* v. *Gartenhaus Cafe*, supra, 402. While we agree with the trial court that collateral estoppel does operate to bar some of the plaintiff's claims in this action, we do not agree as to the extent of that bar.

"Although the doctrines of collateral estoppel and res judicata are conceptually related, in practice their application may yield distinct results. Unlike collateral estoppel, under which preclusion occurs only if a claim actually has been litigated, [u]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any

claim based on the same operative facts that] *might have been made. . . .* [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity to litigate the matter in the earlier proceeding . . . . Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 871–72, 675 A.2d 441 (1996)." (Emphasis in original; internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 43–44, 694 A.2d 1246 (1997).

"[I]n determining whether the [plaintiffs] had [an adequate opportunity to litigate their claims], we should apply the test set forth in the Restatement (Second) of Judgments, § 25, comment (e). Under this test, '[w]hen the plaintiff brings an action on [a] claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action *would clearly not have had jurisdiction* to entertain the omitted theory or ground (or, having jurisdiction, *would clearly have declined to exercise it as a matter of discretion*), then a second action in a competent court presenting the omitted theory or ground should [be held not] precluded.' . . . 1 Restatement (Second), supra, § 25, comment (e), p. 213. . . . Applied to the circumstances of this case, the Restatement test requires us to decide whether the federal court, clearly vested with jurisdiction over the [plaintiffs' federal] claim, would clearly have had no pendent jurisdiction, or clearly would have declined to exercise pendent jurisdiction, over [their] common-law claims." (Citations omitted; emphasis in original.) *Connecticut National Bank* v. *Rytman*, supra, 241 Conn. 44–45.

## A

The first count of the plaintiff's complaint in this action, which the trial court found to be barred by

collateral estoppel, alleged that the defendants acted with the specific intent to deprive the plaintiff of his rights to freedom from physical and verbal abuse, coercion and intimidation, freedom from the deprivation of his liberty without due process of law, freedom from illegal arrest and prosecution, privacy, due process of law, freedom from arrest without probable cause and freedom from malicious prosecution. The complaint identifies these rights as secured by the statutes, laws and constitution of Connecticut. The plaintiff's federal complaint alleged that the defendants acted with the specific intent to deprive the plaintiff of his rights to freedom from physical and verbal abuse, coercion and intimidation, freedom from the deprivation of his liberty without due process of law, freedom from illegal arrest and imprisonment, freedom of speech, silence in the face of police interrogation, freedom from arrest without probable cause, freedom from malicious prosecution, due process of law and equal protection of the laws. The complaint identified these as rights secured by the United States constitution and amendments thereto, and by provisions of federal law.

While there is a clear similarity between the claims contained in the first count of the respective complaints, they are not identical in all respects. Specifically, the claim contained in the plaintiff's state court complaint that he was deprived of his right to privacy does not appear in his federal complaint. It therefore appears to be a new claim, grounded solely in the constitution and laws of the state of Connecticut. This claim was not considered by the federal court in its decision granting summary judgment as to the analogous count contained in the plaintiff's federal complaint.

While the plaintiff's right to privacy claim was not litigated in the federal court, the plaintiff had an adequate opportunity to raise this claim in his federal complaint. The federal court reviewed the plaintiff's federal

constitutional claims and could have adjudicated the constitutional right to privacy claim despite its being based on the Connecticut constitution. See *United Mine Workers of America* v. *Gibbs*, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Applying the test from our Supreme Court in *Rytman* to determine whether the plaintiff had an adequate opportunity to litigate his right to privacy claim, we cannot say that the federal court would *clearly have declined to exercise supplemental jurisdiction* over this claim. While the federal court did decline to exercise pendent jurisdiction over the state common-law claims, it did adjudicate the federal constitutional claims and may have exercised pendent jurisdiction over the plaintiff's state constitutional right to privacy claim. We do not know for certain, however, because the plaintiff failed to allege this claim in his federal complaint. A plaintiff cannot, under the doctrine of res judicata, withhold certain claims from one action and then raise those claims in a later action when an adequate opportunity existed to raise all claims in one action. We conclude, therefore, that the plaintiff's right to privacy claim secured to him by the statutes, laws and constitution of the state of Connecticut is barred by the doctrine of res judicata.

The remaining claims contained in the first count of the plaintiff's complaint are identical to claims raised in the first count of the plaintiff's federal complaint. These claims are also barred by the doctrine of res judicata because they raise the identical claims that the plaintiff litigated in the summary judgment proceeding in the federal court. Previous cases of our Supreme Court have applied the doctrine of res judicata where the previous action was decided against the plaintiff in a summary judgment proceeding. See *Connecticut National Bank* v. *Rytman*, supra, 241 Conn. 43–44; *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, supra, 236 Conn. 871–72. We conclude, therefore, that a judgment

obtained through the grant of summary judgment against a plaintiff constitutes a judgment on the merits for purposes of res judicata. Accordingly, we affirm the trial court's judgment that barred the entire first count of the plaintiff's complaint under the doctrine of res judicata.

## B

The third, fourth and fifth counts of the plaintiff's complaint in this action, which the trial court found to be barred by collateral estoppel, allege various common-law torts against the individual defendants, specifically intentional infliction of emotional harm (third count); wanton injury to the plaintiff's property, in this case, his dog (fourth count); and malicious prosecution, vexatious suit and conspiracy (fifth count). These common-law tort actions were not raised as separate claims or causes of action in the plaintiff's federal complaint due to the different pleading requirements in federal court as compared with state court.[5] The plaintiff's federal complaint makes reference, however, to the factual basis of these allegations. The trial court determined, therefore, that these claims had been litigated and a judgment thereon reached in the federal court, and thus found the claims to be barred by collateral estoppel. The inclusion of some of those claims in the federal complaint was part of the larger context of a § 1983[6]

---

[5] Rule 8 (a) (2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Federal Rule of Civil Procedure 8 (e) directs that "[e]ach averment of a pleading shall be simple, concise, and direct."

[6] Title 42 of the United States Code, § 1983, provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

claim under federal law, on which the federal court granted summary judgment in part, for reasons peculiar to that statute. Some of those claims were not fully and fairly litigated or actually decided by the federal court in its grant of summary judgment and, therefore, are not precluded by collateral estoppel. In addition, the plaintiff did not have an adequate opportunity to litigate those common-law tort claims because the federal court declined to exercise supplemental jurisdiction over them. Those claims are, therefore, also not barred by res judicata.

The plaintiff's claim of malicious prosecution in the state action is a common-law tort action. See *Mulligan* v. *Rioux*, 229 Conn. 716, 726–27, 643 A.2d 1226 (1994). In contrast, the claim of malicious prosecution under § 1983 contained in the plaintiff's federal complaint consists of both common-law and constitutional components. See *Conway* v. *Mount Kisco*, 750 F.2d 205, 214 (2d Cir. 1984), cert. dismissed, 479 U.S. 84, 107 S. Ct. 390, 93 L. Ed. 2d 325 (1986); *DeLaurentis* v. *New Haven*, 220 Conn. 225, 240, 597 A.2d 807 (1991). In ruling on this claim, the federal court recited the federal common-law elements of such a claim under a federal case decided by the United States Court of Appeals for the Second Circuit,[7] and found that the plaintiff's complaint failed to establish one of the required elements. Those common-law elements are identical to those necessary under Connecticut law. See *McHale* v. *W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982), and cases cited therein. To prevail in federal court under § 1983 for malicious prosecution, however, the plaintiff must also

---

[7] In *Posr* v. *Doherty*, 944 F.2d 91 (2d Cir. 1991), the court stated that to prevail in a § 1983 malicious prosecution claim, a plaintiff must prove "(1) that the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." (Internal quotation marks omitted.) Id., 100.

prove that he was deprived of a constitutional right. See *Posr* v. *Doherty*, 944 F.2d 91, 100 (2d Cir. 1991); *Conway* v. *Mount Kisco*, supra, 214. The federal court did not grant summary judgment for failure to satisfy the constitutional or § 1983 prerequisites. We conclude, therefore, that the plaintiff's claim of malicious prosecution is barred by collateral estoppel because the federal court decided the underlying state law issues of malicious prosecution in favor of the defendants.

As to the plaintiff's claims of intentional infliction of emotional harm, wanton injury to property, vexatious suit and conspiracy, the trial court also determined that those claims were barred by the application of collateral estoppel. The federal court's decision granting summary judgment as to the plaintiff's federal claims, however, makes no mention of any claim of intentional infliction of emotional harm, wanton injury to property, vexatious suit or conspiracy. The decision granting summary judgment as to the plaintiff's federal claims addresses only the claims of malicious prosecution, illegal arrest, arrest without probable cause, deprivation of liberty without due process of law, violation of the right to due process, violation of the right to silence in the face of police interrogation and violation of the right to freedom of speech. Because the federal court declined to exercise supplemental jurisdiction over the plaintiff's state law based tort claims, it cannot be said that these claims were "fully and fairly litigated," "actually decided" and "necessary to the judgment"; *Gionfriddo* v. *Gartenhaus Cafe*, supra, 15 Conn. App. 402; as they must be if we are to conclude that they are barred by the doctrine of collateral estoppel. Additionally, the plaintiff did not have an adequate opportunity to litigate those claims because the federal court declined to exercise supplemental jurisdiction over them. Accordingly, the doctrines of res judicata and collateral estoppel do not operate to bar the plaintiff's

claims of intentional infliction of emotional harm, wanton injury to property (the plaintiff's dog), vexatious suit and conspiracy.

## C

The discussion of the various counts of the plaintiff's complaint leaves unresolved only the eighth count against the town in its capacity as the employer of the individually named defendants. This count is essentially a claim against the town under the common-law doctrine of respondeat superior under which an employer is held liable for the tortious conduct of its employees when they act in their capacity as employees. See *Pelletier* v. *Bilbiles*, 154 Conn. 544, 547, 227 A.2d 251 (1967).

The trial court stated no particular grounds for its entry of summary judgment as to this count of the plaintiff's complaint. The only reasonable conclusion is that because all of the other counts of the plaintiff's complaint against the individually named defendants had been disposed of by summary judgment and respondeat superior liability is derivative in nature, deriving from liability attaching to the individual defendants, there was no individual liability to which respondeat superior liability could attach.

In light of our reinstatement of several of the claims against the individual defendants in this case, there is now a possibility that individual liability will be imposed after a trial on the merits with respect to one or more of the individually named defendants. Accordingly, the possibility of individual liability to which respondeat superior liability can attach also exists. Therefore, because the factual basis for the grant of summary judgment as to the claim against the town no longer exists, there is no longer any basis for the granting of summary judgment as to the claim against the town.

## SUMMARY

In conclusion, the trial court properly rendered summary judgment in favor of the defendants as to count one of the plaintiff's complaint and the portion of count five that alleges malicious prosecution. As to counts two, six and seven of the plaintiff's complaint, and the portion of count five that alleges a cause of action for abuse of process, the trial court incorrectly determined that those claims were barred by the statute of limitations and, thus, they should not have been dismissed. Finally, as to counts three, four and eight of the plaintiff's complaint, and the portion of count five that alleges causes of action for vexatious suit and conspiracy against the individual defendants, the trial court incorrectly determined that those claims were barred by the doctrines of collateral estoppel and res judicata and, thus, they also should not have been dismissed.

The judgment is reversed in part and the case is remanded for further proceedings consistent with the preceding paragraph of this opinion.

In this opinion the other judges concurred.