[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #115
This case arises out of an automobile accident between the plaintiff, Diane Petro, and the defendant, Michelle Jarvis.[1]
The fourth count of the complaint asserts a claim for underinsured motorist benefits under an insurance contract with Allstate Insurance Company, the plaintiff's insurer.
The defendant Allstate filed a motion for summary judgment on the grounds that the plaintiff "failed to exhaust the liability limits of co-defendant's insurance policy, thereby precluding an action for underinsured motorist benefits." (Motion for Summary Judgment, p. 1.)
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . ." (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380, (1998). "The test is whether a party would be entitled to a directed verdict on the same facts.'" Daoust v. McWilliams,49 Conn. App. 715, 719, (1998), quoting Connellv. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). CT Page 14490
The defendant urges the court to grant its motion arguing that C.G.S. Section 38a-336 was enacted to protect the plaintiff by tolling the statute of limitation in underinsured cases and therefore there is no need to institute suits before damages have been established against the tortfeasor. The court agrees that this statute has made it possible for insureds to wait until damages have been determined against the tortfeasor prior to them filing a lawsuit against their underinsured carrier. The court disagrees that this statute precludes, however, the procedure which the plaintiff attempts to utilize here. Section 38a-336(b) "requires that an insurer pay its insured up to the limits of the policy's [underinsured] motorist coverage after the liability limits of all other applicable insurance policies have been exhausted by payment of judgments or settlements. . . This statute does not require exhaustion as a condition precedent to instituting an action against the carrier. See Berger v. Lucker, Superior Court judicial district of Waterbury, Docket No. 124176 (May 9, 1996, Vertefeuille, J.). The court agrees with Judge Melville, who in a recent decision dealing with the procedure utilized by the plaintiff here said: "Neither the decisional law nor the statutory law of Connecticut precludes such a procedure. Indeed, the filing of such a claim has been approved."McGrimley v. Karpicky, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 349304 22 CONN. L. RPTR. 55
(April 22, 1998) (Melville, J.).
The court does find persuasive the argument that to conserve judicial resources there is merit in having the underinsured carrier made a party to an action such as the instant one, so if the factfinder does find the damages as against the tortfeasor in excess of the policy limits of the tortfeasor then the issues against the carrier could be resolved without delay and without the necessity of adding yet an additional case to its overcrowded docket.
The court will therefore deny the defendant Allstate's motion for summary judgment.
PELLEGRINO, J.