[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE (DOCKET ENTRY NO. 103)
On June 23, 1999, the plaintiff, Pedro Delgado, a Hispanic male, filed a revised complaint on June 23, 1999, alleging, inter alia that the defendant, AchieveGlobal Inc., f/k/a Learning International, Inc. (AchieveGlobal) removed him from his position as a project manager, gave him a negative performance rating, denied him a merit and/or other pay increase and terminated him on the basis of his race, age and sexual orientation in violation of Connecticut's Fair Employment Practices Act, General Statutes § 46a-51 et seq. The plaintiff further alleged that his termination by AchieveGlobal was in retaliation for his previous complaints of discrimination. The plaintiff also alleged common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent and intentional infliction of emotional distress and negligent misrepresentation.
On October 23, 1996, the plaintiff commenced a similar action CT Page 13317 in the Superior Court (Docket No. 337527), which action was removed upon the defendant's motion to United States District Court, District of Connecticut (Docket No. 3:96CV2364 (AHN)). The federal court granted the defendant's summary judgment motion as to plaintiff's federal law claims, however that court refrained from exercising its jurisdiction over the plaintiff's remaining pendent state law claims.
On June 29, 1999, the defendant filed a motion to strike the plaintiff's racial discrimination, age discrimination and retaliation claims.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). A motion to strike is required if the complaint on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. Amore v. Frankel, 228 Conn. 358, 372636 A.2d 786 (1994). In determining the legal sufficiency of the allegations of a complaint the court "cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 146 (1990). Moreover, the complaint, or counts contained therein, will be construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action. Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). In addition, because a motion to strike challenges the legal sufficiency of a pleading it requires no factual findings by the trial court. Pamela B. v. Ment, 244 Conn. 296, 307,709 A.2d 1089 (1998). Therefore, if facts provable in the complaint would support a cause of action, the motion to strike must be denied. Additionally, what is necessarily implied in an allegation need not be expressly alleged. Id. at 308.
The defendant moves to strike the plaintiff's racial discrimination, age discrimination and retaliation claims on the ground of collateral estoppel, or issue preclusion. The defendant argues that the plaintiff's federal race discrimination, age discrimination and retaliation claims, between the same parties, contain identical factual allegations as the plaintiff's race and age discrimination and retaliation claims under the Connecticut Fair Employment Practices Act. The defendant also argues that the plaintiff's federal age and race discrimination and retaliation CT Page 13318 claims were previously adjudicated and deemed legally insufficient by the United States District Court, District of Connecticut. Thus, the defendant argues that the plaintiff is collaterally estopped from asserting these claims in state court, and that this court should strike the plaintiff's state law claims. The plaintiff argues, however, that the defendant's motion to strike is both procedurally improper and legally unavailing.
In Connecticut, the definition and purpose of the common law doctrine of collateral estoppel is well established.
 "[C]ollateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment."
(Citations omitted; internal quotation marks omitted.) Walsh v.Stonington Water Pollution Control Authority, 250 Conn. 443,460-61, ___ A.2d ___ (1999).
A motion to strike is not the appropriate mechanism for raising issues of res judicata and collateral estoppel. SeeVenclauskas v. State of Connecticut, Department of PublicService, Division of Police, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 471879 (May 14, 1997, Stengel, J.). Rather, because res judicata or collateral estoppel may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of preclusion. Jacksonv. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). Moreover, collateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense.Carnese v. Middleton, 27 Conn. App. 530, 537, 608 A.2d 700
(1992).
Furthermore collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action.Connecticut National Bank v. Rytman, 241 Conn. 24, 38, CT Page 13319694 A.2d 1246 (1997). Also, in order for collateral estoppel to apply, there must be an identity of issues, that is, the prior litigation must have resolved the same legal or factual issue that is present in the second litigation. Upjohn Co. v. Planning Zoning Commission, 224 Conn. 82, 93-94, 616 A.2d 786 (1992). For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. Delahunty v. MassachusettsMutual Life Insurance Co., 236 Conn. 582, 600, 674 A.2d 1290
(1996).
The Restatement (Second) of Judgments, § 25, comment (e), sets forth the test for determining whether the plaintiff has had an adequate opportunity to actually litigate their claims, for collateral estoppel purposes. Notably,
 "[u]nder this test, [w]hen the plaintiff brings an action on [a] claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be precluded." (Emphasis in original; internal quotation marks omitted.) Daoust v. McWilliams, supra, 49 Conn. App. 724.
Inasmuch as the District Court specifically limited its ruling to the plaintiff's federal law claims, although there was an opportunity to exercise jurisdiction over the pendant state law claims under the authority of Daoust, supra, it would appear that the doctrine of preclusion is unavailable to this defendant in these proceedings. On the pleadings it is impossible to determine if the plaintiff's state law claims were fully and fairly litigated by the District Court. Therefore, it is questionable whether the plaintiff had an adequate opportunity to litigate his state law claims, and would therefore be collaterally estopped from asserting his state law claims in CT Page 13320 state court. This analysis clearly points up the reasons why this issue is more properly presented in a motion for summary judgment as the resolution depends on matters outside the pleadings.
Accordingly, the defendant's motion to strike counts one, two and four of the plaintiff's revised complaint is hereby DENIED.
MELVILLE, J.