[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST FOR LEAVE TO AMEND COMPLAINT
The plaintiffs, Alexandre Pierre Lominy and Doreen Lominy commenced this action by their complaint dated May 12, 1997 for injuries and damages they claim to have suffered on May 30, 1995 as a result of a highway collision involving their car and a tractor-trailer truck owned by the defendant Field View Farms Transportation, Inc. and operated by the defendant Richard R. Curtis.
By their motion dated August 9, 1999, they have requested CT Page 15635 leave of the court to amend their complaint to add a seventh count and an eighth count based on claims of negligence on the part of the defendants for alleged violations of the Federal Motor Carrier Safety Regulations. That alleged negligent conduct is claimed to have contributed to the same highway collision mentioned in the first and second counts of the original complaint.
The defendants Curtis and Field View Farms filed an objection to that request for the reason that those counts assert a new cause of action which is now barred by the statute of limitations.
They further argue that amending the complaint at this late date would be unfair to the defendants and would unnecessarily complicate and delay adjudication of this matter.
In addition, they claim that the proposed additional counts set forth new claims predicated upon alleged violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 350-399, and that these new claims will require the defendants spend additional time and money to obtain experts on the Federal Motor Carrier Safety Regulations so as to properly respond to such claims.
"One of the purposes of a statute of limitations is to protect a defendant from finding himself [or herself] in a situation where, because of the lapse of time, [the defendant] is unable to gather facts, evidence, and witnesses necessary to afford [the defendant] a fair defense." Nichols v. LighthouseRestaurant, Inc., 246 Conn. 156, 166, (1998).
Connecticut recognizes a relation back doctrine where "a party, once notified of litigation based on a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." Id.;Gurliacci v. Mayer, 218 Conn. 531, 547, 590 (1991).
The defendants argue that the plaintiffs should not be allowed to amend their complaint because the proposed amended complaint includes two new counts that are based on a theory of per se negligence on the part of Curtis and Field View Farms for alleged violations of the Federal Motor Carrier Safety regulations, and therefore, the proposed amendments are barred by the two year statute of limitations. CT Page 15636
"[W]here an entirely new and different factual situation is presented, a new and different cause of action is stated."(Citations omitted.) Sharp v. Mitchell, 209 Conn. 59,71-2, (1988); see also Constantine v. Schneider,49 Conn. App. 378, 388, (1998).
"An amendment to a complaint that sets up a new and different cause of action speaks as of the date when it is filed." Felstedv. Kimberly Auto Services, Inc., 25 Conn. App. 665, 667, cert. denied, 220 Conn. 922, (1991), citing Sharp v. Mitchell, supra,209 Conn. 71-2. When "complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of different basis of liability[,] [t]he fact that the same defendant is accused of negligence in each complaint and the same injury resulted, . . . does not make any and all bases of liability relate back to an original claim of negligence." Sharp v. Mitchell, supra, 209 Conn. 73. In that case the only allegation in the original complaint was the negligence of one individual. The proposed amended complaint alleged a dual capacity theory — the negligent construction and design of the underground storage area as well as negligence of an individual. That attempt to amend was barred by the statute of limitations.
Our Supreme Court has held, "[i]n amending a complaint [i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." Giglio v. ConnecticutLight and Power Co., 180 Conn. 230, 239, 429 (1980). (Citations omitted; internal quotations omitted.) Felsted v. Kimberly AutoServices. Inc., supra, 25 Conn. App. 667. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Citations omitted.) Gurliacci v. Mayer, supra, 218 Conn. 546-47; Daoust v.McWilliams, 49 Conn. App. 715, 721-22, (1998). "Even though a single group of facts may give rise to several different kinds of relief, it is still a single cause of action." Daoust v.McWilliams, supra, 49 Conn. App. 722 (In that case the court held that an initial suit filed in federal court and a subsequent suit CT Page 15637 filed in the Superior Court constituted the same cause of action, although they may have involved different claims for relief because each stated that the actions giving rise to the lawsuit took place on the same date and described the same event).
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." Gurliacciv. Mayer, supra, 218 Conn. 548. (The statute of limitations did not bar the plaintiff from amending her negligence complaint to add allegations that the defendant was acting either willfully, wantonly and maliciously, or outside the scope of his employment).
In the instant case, proposed seventh and eight counts allege that Curtis caused the collision with Alexandre Pierre Lominy and Doreen Lominy; that Curtis and Field View Farms violated the Federal Highway Administration regulations when Curtis failed to reduce the speed of his tractor-trailer; and that the violation constitutes negligence as a matter of law. Proposed seventh and eighth counts eight describe the same event and include the same parties as the first count and the second count. Counts seven and eight of the proposed amended complaint do not assert a new cause of action. The defendants Curtis and Field View Farms were adequately notified of the pending litigation and the statute of limitations does not bar Alexandre Pierre Lominy and Doreen Lominy from adding the two new counts alleging violations of federal law.
For the foregoing reasons, the defendants' objection to the plaintiffs' request for leave to amend is overruled.
By the Court,
Joseph W. Doherty, Judge.