[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE APPORTIONMENT DEFENDANT'S MOTION TO DISMISS THE SUBSTITUTED APPORTIONMENT COMPLAINT 
On January 25, 1999, the plaintiffs, minor Jessica Andretta and her mother, Isabella Andretta, initiated an action against the City of Ansonia, the Ansonia Board of Education and several individual defendants (hereinafter collectively referred to as "the Ansonia defendants") as a result of injuries allegedly suffered by the child while playing on a school playground. The Ansonia defendants, in turn, filed an apportionment complaint against M. E. O'Brien Sons, Inc. ("O'Brien"), a seller and installer of playground equipment, and Landscape Structures, Inc. ("Landscape"), the manufacturer of said equipment. Subsequently, the plaintiffs filed a cross complaint against O'Brien and Landscape in which the plaintiffs incorporate the apportionment complaint. The apportionment complaint and the cross complaint were stricken by the court on March 22, 2000. The Ansonia defendants filed a substituted apportionment complaint against O'Brien on April 3, 2000.
O'Brien now moves to dismiss the substituted apportionment complaint on the ground that the court lacks subject matter jurisdiction because the substituted apportionment complaint was not served within the time period required by General Statutes § 52-102b.[1] The Ansonia defendants object and submit a supporting memorandum of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a); see also Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the CT Page 10273 existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
O'Brien argues that the Ansonia defendants seek apportionment on a different ground from the original apportionment complaint which was stricken and that the current one was not timely served. O'Brien further argues that while one may plead over after the granting of a motion to strike, the statute of limitations set forth in § 52-102b is not tolled.
The Ansonia defendants argue the substituted apportionment complaint was timely filed according to Practice Book § 10-44,[2] which allows the party whose pleading was stricken fifteen days to file a new pleading. The Ansonia defendants argue that the substituted apportionment complaint does not seek a different ground for apportionment. They argue that the allegations are based on the same single group of facts and that the prior allegations are merely amplified or expanded.
"If a new cause of action is alleged in an amended complaint, it will speak as of the date when it is filed." Connecticut National Bank v.D'Onofrio, 46 Conn. App. 199, 208, 699 A.2d 237, cert. denied,243 Conn. 926, 701 A.2d 657 (1997). "Amendments relate back to the date of the complaint unless they allege a new cause of action." Keenan v.Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974). If, therefore, the substituted apportionment complaint does not allege a new cause of action, it must relate back to and is treated as filed at the time of the original apportionment complaint.
"It is well settled that [a] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . Gallo v. G. Fox Co., 148 Conn. 327,330, 170 A.2d 724 (1961). Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. . . . Rogozinski v. American Food ServiceEquipment Corp., 34 Conn. App. 732, 738-39, 643 A.2d 300, cert. denied,231 Conn. 910, 648 A.2d 156 (1994); Duhaime v. American Reserve LifeIns. Co., 200 Conn. 360, 365, 511 A.2d 333 (1986)." (Internal quotation marks omitted.) Daoust v. McWilliams, 49 Conn. App. 715, 721-22,716 A.2d 922 (1998). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely CT Page 10274 new and different factual situation is presented, a new and different cause of action is stated." (Internal quotation marks omitted.)Constantine v. Schneider, 49 Conn. App. 378, 388, 715 A.2d 772 (1998).
In Daoust v. McWilliams, supra, 49 Conn. App. at 722, the court held that "it is evident that both the initial suit filed in the federal court and the subsequent suit filed in the Superior Court constitute the same cause of action, although they may involve different claims for relief. Both state that the actions giving rise to the lawsuit took place on the same date and describe the same event. The trial court's memorandum of decision describes both the federal and state law claims as arising from the same incident, which occurred on July 7, 1992."
In the present case, both the original apportionment complaint and the substituted apportionment complaint state that the actions giving rise to the lawsuit took place on the same date and describe the same event. The claims for relief, however, are different: the original apportionment complaint claimed a violation of the product liability statute whereas the substituted apportionment complaint claims negligence. The cause of action, however, is the same, as the substituted apportionment complaint arises out of the same set of facts. See Daoust v. McWilliams, supra,49 Conn. App. 721.
Furthermore, pursuant to Practice Book § 10-44, a party whose pleading has been stricken is entitled to file a new pleading within fifteen days of the granting of the motion to strike. The motion to strike the original apportionment complaint was granted on March 22, 2000. The substituted apportionment complaint was filed April 3, 2000. This is within the fifteen days set forth in Practice Book § 10-44.
The motion to dismiss is therefore denied.
NADEAU, J.