[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 7, 2000, the plaintiff; Yale New Haven Hospital, Inc. (YNHH), filed a one count complaint against two defendants, Ruby Richardson and Michael Harper, seeking payment of a judgment lien YNHH procured against Richardson and Harper in December, 1987. Richardson and Harper filed their answer, special defense and counterclaim against YNHH on October 5, 2000. In their counterclaim, Richardson and Harper allege that YNHH obtained a wage execution on Harper's earnings with his employer, Metro North Railroad, that the wage execution payments commenced in January, 1989 and that the judgment was paid in full by Metro North to Sheriff Neil Longobardi in April, 1992.[1]
On January 16, 2001, YNHH, as the counterclaim defendant, moved to implead Frank Kinney, high sheriff for New Haven county, and Neil Longobardi, deputy sheriff; as third-party defendants. The court,Celotto, J., granted the motion on February 23, 2001. On March 10, 2001, YNHH caused a writ, summons and complaint to be served on Kinney and Longobardi and, on March 19, 2001, filed its third party complaint CT Page 10221 alleging the following facts. YNHH is a judgment creditor in the matter of Yale New Haven Hospital v. Ruby Richardson, Docket No. 258707. The third party defendant, Longobardi, was a New Haven county deputy sheriff; who YNHH retained to collect a wage execution on the employer of Michael Harper. the judgment debtor, pursuant to General Statutes §§6-31 and 6-32.[2]
In count one of the third party complaint, YNHH alleges that Longobardi owed a duty of care to YNHH to pay over the money Longobardi collected from Harper and that Longobardi breached this duty of care by failing to remit the money collected. As part of this count, YNHH claims interest pursuant to General Statutes § 6-35.[3] In count two, YNHH alleges that Longobardi was obligated to collect payment from Harper's employer and remit such payments to YNHH. YNHH further alleges that Longobardi collected the payments, but breached his agreement to turn over the money to YNHH. In count three, YNHH alleges that Longobardi converted the collected money to his own use, interfering with YNHH's possession thereof. In count four, YNHH alleges that Frank Kinney, as high sheriff of New Haven county and employer of Longobardi, is liable for the damages proximately resulting from the acts and omissions of Longobardi, as set forth in counts one and three, as said acts and omissions were committed within the scope of Longobardi's employment.
On June 8, 2001, Kinney moved to dismiss the third party complaint against him on the ground that the court lacks subject matter jurisdiction to entertain the action against him.[4] The motion is accompanied by a supporting memorandum of law. On June 29, 2001, YNHH filed its objection to the motion. The matter was heard by the court,Celotto, J., on the foreclosure calendar on July 2, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . . The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Brackets omitted; citations omitted; internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346,766 A.2d 400 (2001).
Kinney moves to dismiss YNHH's third party complaint against him, arguing that the court lacks subject matter jurisdiction because, as an officer of the state, Kinney is protected from suit by the doctrine of sovereign immunity. "As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). "Whenever the absence of CT Page 10222 jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Internal quotation marks omitted.) Id.
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends. . . . This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others. . . ." (Citations omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479, 487,642 A.2d 699 (1994).
YNHH first argues that General Statutes § 6-30 waives sovereign immunity for the sheriff's negligence.[5] "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). "[It is] well settled . . . that when the state waives sovereign immunity by statute, a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." (Internal quotation marks omitted.) Babes v. Bennett, 247 Conn. 256, 262,721 A.2d 511 (1998). "The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.) Id.
Prior to its repeal, effective December 1, 2000, General Statutes § 6-30 legislatively provided that sovereign immunity was waived against sheriffs and deputy sheriffs for certain acts. In General Statutes § 6-30a, the legislature further provided that sovereign immunity was waived in actions against sheriffs and deputy sheriffs for certain "tortious acts" committed by them. Section 6-30a was changed, effective December 1, 2000, substituting "state marshal" for "sheriff". See General Statutes § 6-30a. Currently, the statute provides that "[o]n and after December 1, 2000, each state marshal shall be required to carry personal liability insurance for damages caused by reason of his tortious acts in not less than the following amounts: For damages caused CT Page 10223 to any one person or to the property of any one person, one hundred thousand dollars and for damages caused to more than one person or to the property of more than one person, three hundred thousand dollars." General Statutes § 6-30a.
The statute further provides a definition for the term "tortious act," as used in the statute, to "[mean] negligent acts, errors or omissions for which such state marshal may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed while making or attempting to make an arrest or against a person under arrest; provided, it shall not include any such act unless committed in the performance of the official duties of such state marshal." General Statutes § 6-30a. Connecticut's appellate courts have yet to address the issue of whether § 6-30a operates to waive sovereign immunity.
Three Superior Courts have concluded, however, that § 6-30a waives sovereign immunity to permit claims against "[sheriffs] and their deputies for the specific tortious acts enumerated in § 6-30a."National Loan Investors v. McGuire, Superior Court, judicial district of New London at New London, Docket No. 549085 (August 4, 1999, Martin, J.) (25 Conn. L. Rptr. 204, 206.); see also Davis v. Mak, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329180 (March 7, 1997, Thim, J.) (granting a motion to dismiss the first, second and sixth counts of a plaintiff's complaint because he failed to allege one of the tortious acts specifically enumerated in § 6-30a); Arbucci v.Farmers Mechanics Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 458674 (June 28, 1994,Berger, J.) (finding that §§ 6-30 and 6-30a, when read collectively, contain language providing for the waiver of sovereign immunity).
YNHH argues that the claim in count four of its third party complaint amounts to a negligent supervision claim against Kinney. "To state a cause of action for negligent supervision, a plaintiff must ordinarily plead and prove injury by the defendant's own negligence in failing to properly supervise an employee or agent who the defendant had a duty to supervise and who the defendant knew or should have known would cause the injury. Brunelle v. Reuters Analytics, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566808 (January 29, 1998, Rittenband, J.) (21 Conn. L. Rptr. 365); Surowiec v. SecurityForces, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547875 (May 24, 1995, Sheldon, J.) (discussing negligent hiring). In such instances, the defendant's liability is not vicarious, but direct and personal." (Internal quotation marks omitted.)Derrig v. Thomas Regional Directory Co., Superior Court, judicial CT Page 10224 district of Hartford, Docket No. 583548 (June 22, 1999, Peck, J.).
While Kinney's direct negligent act would be a "tortious act," as defined in General Statutes § 6-30a, YNHH fails to allege any direct negligence by Kinney in count four. Thus, there are no allegations of a tortious act specifically enumerated in General Statutes § 6-30a. In fact, YNHH fails to allege any duty on the part of Kinney. Rather, it alleges that Kinney, as high sheriff; "is liable for the damages proximately resulting from the acts and/or omissions of the Third-Party Defendant, Neil Longobardi, as said acts and/or omissions were done within the scope of said Defendant's employment." (Third party complaint, count IV, ¶ 9.) Accordingly, the court finds that YNHH fails to allege a tortious act specifically enumerated in § 6-30a
and, thus, the statute fails to waive sovereign immunity for Kinney.
Alternatively, YNHH argues that Kinney exceeded his statutory authority as high sheriff and that Kinney's behavior exceeded the scope of his employment with respect to personal immunity under General Statutes § 4-165. "It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. . . . Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. . . . In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions. . . . Where, however, no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Brackets omitted; citations omitted; internal quotation marks omitted.) Antinerella v.Rioux, supra, 229 Conn. 487-88.
Thus, the dispositive issue raised by YNHH's alternative argument is whether Kinney acted in excess of his statutory authority. In Antinerellav. Rioux, a deputy sheriff filed a complaint against a high sheriff; alleging that the high sheriff intentionally terminated him for the express purpose of obtaining the deputy sheriff's business and that the high sheriff personally benefitted under illegal and forbidden fee splitting arrangements that the high sheriff had with appointed deputy sheriffs. Id., 480. The trial court dismissed the suit on the grounds CT Page 10225 that the doctrines of sovereign immunity and the immunity provisions of General Statutes § 4-165 shielded the defendant high sheriff from suit in his capacity as sheriff and as an individual, respectively. Id., 480-81. The Supreme Court, in reversing the trial court's dismissal of the suit, found that the plaintiff's allegations, "as set forth in the complaint describe a course of conduct that is egregious in nature." Id., 492. The court further found that when "the state employee acts solely to further his or her own illegal scheme and not to carry out government policy, there is no reason to provide immunity from suit." Id., 497.
The present case is distinguishable from Antinerella v. Rioux in that YNHH fails to allege any behavior on the part of Kinney in its third party complaint. Rather, YNHH attempts to impose liability on Kinney through the doctrine of respondeat superior. "This count is essentially a claim against [the high sheriff] under the common-law doctrine of respondeat superior under which an employer is held liable for the tortious conduct of its employees when they act in their capacity as employees. See Pelletier v. Bilbiles, 154 Conn. 544, 547, 227 A.2d 251
(1967)." Daoust v. McWilliams, 49 Conn. App. 715, 730, 716 A.2d 922
(1998). YNHH seeks to hold Kinney liable for the tortious conduct of Longobardi, as is alleged in counts one and three of the third party complaint, allegations that were incorporated and made part of the count against Kinney.
"Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another. . . . Thus, a principal whose liability rests solely upon the doctrine of respondeat superior and not upon any independent act of the principal is not a joint tortfeasor with the agent from whose conduct the principal's liability is derived. . . . Essentially, aside from the relationship between the parties creating the doctrine of vicarious liability, the principal is not a tortfeasor in the true sense of the word because he is not independently liable based upon his own independent actionable fault. . . . Consequently, there is no right of contribution, only indemnification." (Citations omitted; internal quotation marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 720-21, 735 A.2d 306 (1999).
To determine whether sovereign immunity may be abrogated by the doctrine of respondeat superior to impose liability on the high sheriff because of the actions of his employee, the deputy sheriff, it should be CT Page 10226 determined whether the plaintiff suffered damages because the deputy sheriff acted outside the scope of his employment when he failed to remit the money to YNHH that he collected from Harper's employer. "A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of this employment — for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do." (Internal quotation marks omitted.) Antinerella v. Rioux, supra,229 Conn. 498-99 n. 17.[6]
The conduct in Antinerella v. Rioux, supra, 229 Conn. 498, which the court found to be effectuation of an illegal fee splitting scheme, and the conduct in Brown v. Housing Authority, 23 Conn. App. 624, 583 A.2d 643
(1990), cert. denied, 217 Conn. 808, 585 A.2d 1233 (1991), which involved an assault and battery committed by the defendant's employee, is similar to the tortious conduct alleged by YNHH against Longobardi in the present case. While it could be found that collecting a wage execution was in furtherance of the work assigned to Longobardi in his capacity as deputy sheriff; the failure to remit the funds collected cannot be found to be in furtherance of the work assigned to the deputy sheriff. Furthermore, Longobardi's failure to remit the funds collected is similar to the conduct in both Antinerella v. Rioux and Brown v. Housing Authority, which was illegal and could not be found to be incidental to the employee's employment or beneficial to the government as his employer. Thus, "under the common-law doctrine of respondeat superior, under which an employer is held liable for the tortious conduct of its employees while acting in their capacity as employees; Daoust v. McWilliams, supra, 49 Conn. App. 730; Kinney cannot be held to be derivatively liable for the torts of his employee, who acted in excess of the deputy sheriff's statutory authority by failing to remit the money he collected in the course of his duties as deputy sheriff. Thus, sovereign immunity for Kinney is not abrogated by the common law doctrine of respondeat superior.
As to YNHH's argument that Kinney exceeded the scope of his employment with respect to personal immunity under General Statutes § 4-165, that section is implicated only after the court determines that the state may rightfully be sued. "Our precedents establish that, where a state official is sued in both her official and individual capacities, if sovereign immunity does not apply to the claim against her in her official capacity, the statutory immunity may then apply to her in her individual capacity." Shay v. Rossi, 253 Conn. 134, 162, 749 A.2d 1147
(2000). Thus, Kinney is shielded by sovereign immunity in his official capacity, pursuant to the foregoing discussion, the court need not reach the issue of whether § 4-165 provides Kinney any protection from suit in his individual capacity. CT Page 10227
In accordance with the foregoing, the court grants the third party defendant Kinney's motion to dismiss YNHH's third party complaint because sovereign immunity deprives the court of subject matter jurisdiction over the claim brought by YNHH against Kinney. While the court dismisses YNHH's claim in count four of its complaint against Kinney, no finding is made as to YNHH's claims in counts one, two and three against Longobardi, the deputy sheriff; because the motion to dismiss is not directed to Longobardi.
Donald W. Celotto Judge Trial Referee